**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elder Virgilio Gomez-Lopez,  ) | No. CV-14-0435-PHX-FJM (JFM) |
| )  Petitioner,  ) | CR-12-0596-PHX-FJM |
| )  vs.  ) | **ORDER** |
| )  United States of America,  ) | |
| )  Respondent.  ) | |

Before the court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, (doc. 1); the Government's response, limited to whether Petitioner's motion is timely (doc. 5); Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence (doc. 6); Petitioner's Motion for Clarification (doc. 7) (which we construe as a reply to the issue of whether Petitioner's motion is timely); and Petitioner's motion to strike the Government's response (doc. 9).

**I.**

Petitioner pled guilty to re-entry of a removed alien in violation of 8 U.S.C. § 1326(a). He was sentenced to a seven-month term of imprisonment followed by three years of supervised release. Although his sentence expired on September 11, 2012, he is currently in custody within the meaning of § 2255 because he is serving his term of supervised release.

In his § 2255 Motion and Amended Motion, Petitioner asks that his judgment and

1  conviction be vacated due to ineffective assistance of counsel in connection with his guilty
2  plea. He contends that his lawyer was ineffective because Petitioner wanted to present his
3  claim of fear of returning to Guatemala as a bar to the criminal charges. However, his lawyer
4  "repeatedly impressed upon [him] that he could not make his claim of fear in the criminal
5  proceedings on the charge of illegal re-entry, and repeatedly falsely assured [him] that [he]
6  could make his claim of fear *only* in immigration removal proceedings after pleading guilty
7  to the charge of 'illegal re-entry' and completion of the criminal sentence." Motion at 8-9
8  (emphasis in original).

9  After serving his sentence, Petitioner applied for asylum and withholding of removal
10 in immigration court, arguing that he is a refugee of the protected class of "gang informants."
11 On June 18, 2013, the immigration judge denied Petitioner's request for asylum, which the
12 Board of Immigration Appeals (BIA) affirmed. On April 7, 2014, the Ninth Circuit
13 dismissed Petitioner's petition for review of the BIA's decision.

14 In December 2013 Petitioner met with an appellate attorney to prepare a petition to
15 challenge the BIA's removal decision. During this meeting, Petitioner was advised that his
16 asserted refugee status as "gang informant" might have served as a basis for immunity from
17 prosecution of the illegal re-entry charge. Thus, Petitioner contends that he learned of his
18 trial counsel's purported ineffective assistance at the moment he heard the legal opinion of
19 his new appellate attorney.

20 Petitioner contends that he is a member of a "protected class of refugees fleeing
21 persecution . . . who are not required to obtain the advance consent of the Attorney General"
22 before entering the United States, and therefore he is not subject to criminal prosecution
23 under 8 U.S.C. § 1326(a) for illegal re-entry. Amended Compl. at 13. He "claims absolute
24 immunity and judicially enforceable right not to stand trial for his original 2005 entry and
25 2009 re-entry as a *bona fide* refugee seeking asylum and protection from torture, requiring
26 automatic vacation of judgment." Id. at 13-14.

27                                              **II.**
28 The Anti-Terrorism and Effective Death Penalty Act (AEDPA) provides a one-year

1 statute of limitations for a federal prisoner to file a motion to vacate, set aside, or correct a
2 sentence pursuant to 28 U.S.C. § 2255(f). The one-year limitations period generally begins
3 to run on "the date on which the judgment of conviction becomes final." Id. § 2255(f)(1).
4 "Finality attaches when [the Supreme Court] affirms a conviction on the merits on direct
5 review or denies a petition for a writ of certiorari, or when the time for filing a certiorari
6 petition expires." Clay v. United States, 537 U.S. 522, 527, 123 S. Ct. 1072, 1076 (2003).

7 Petitioner's judgment of conviction became final on June 26, 2012. The deadline to
8 appeal the conviction was July 10, 2012. Fed. R. App. P. 4(b)(1)(A)(i). Petitioner did not
9 appeal. Therefore, the deadline to file the § 2255 Motion was July 10, 2013. Petitioner did
10 not file the present Motion until March 3, 2014. Absent tolling, the Motion is time barred
11 and subject to dismissal.

**A.**

13 Petitioner first contends that he is entitled to statutory tolling of the limitations period
14 under 28 U.S.C. § 2255(f)(4), which tolls the running of the limitations period until "the date
15 on which the facts supporting the claim or claims presented could have been discovered
16 through the exercise of due diligence." He asserts that he did not learn of the "facts"
17 supporting his claim of ineffective assistance of counsel until December 2013 when he
18 sought legal assistance in relation to his pending Petition for Review in the Court of Appeals.
19 He claims that it was only at this point that he discovered that his defense counsel's
20 recommendation to plead guilty and withhold his asylum claim was wrong.

21 "Time begins when the prisoner knows (or through diligence could discover) the
22 important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza,
23 254 F.3d 1150, 1154 (9th Cir. 2001). To obtain the factual predicate for a habeas claim
24 based on ineffective assistance of counsel, "a petitioner must have discovered (or with the
25 exercise of due diligence could have discovered) facts suggesting both unreasonable
26 performance *and* resulting prejudice." Id. (applying 28 U.S.C. § 2244(d)(1)(D)) (emphasis
27 in original).

28 The "facts" supporting Petitioner's claim of ineffective assistance are that Petitioner

- 3 -

1  knew he had an asylum claim, his lawyer told him he could not present a claim of asylum in
2  his criminal proceeding, and he consequently pled guilty and served seven months in
3  custody. Petitioner's "discovery" that his lawyer's advice was wrong is not a new "fact" that
4  he could not have discovered earlier. Rather, he merely learned of the legal significance of
5  the alleged facts that already existed at the time of his conviction. See United States v.
6  Astorga, 457 Fed. Appx. 698, 699 (9th Cir. 2011); Holmes v. Spencer, 685 F.3d 51, 59 (1st
7  Cir. 2012). Because Petitioner knew of the predicate facts underlying his ineffective
8  assistance claim at the time of his conviction, he is not entitled to statutory tolling under §
9  2255(f)(4).

**B.**

11  Petitioner also contends that, even if his § 2255 motion was untimely, he is
12  nevertheless entitled to equitable tolling. "Generally, a litigant seeking equitable tolling
13  bears the burden of establishing two elements: (1) that he has been pursuing his rights
14  diligently, and (2) that some extraordinary circumstance stood in his way." Pace v.
15  DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005); Holland v. Florida, 560 U.S.
16  631, 645, 130 S. Ct. 2549, 2560 (2010). A petitioner must show that the extraordinary
17  circumstances "were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799
18  (9th Cir. 2003); United States v. Buckles, 647 F.3d 883, 890 (9th Cir. 2011).

19  In Holland, the Supreme Court held that a lawyer's failure to file a federal habeas
20  petition despite his client's request to do so, and failure to communicate with his client
21  despite letters and phone calls requesting information, was "professional misconduct that
22  . . . could . . . amount to egregious behavior and create an extraordinary circumstance that
23  warrants equitable tolling." 560 U.S. at 650, 130 S. Ct. at 2563. However, a " garden variety
24  claim of excusable neglect," such as counsel's miscalculation of an AEDPA filing deadline,
25  does not warrant equitable tolling." Id. at 651-52, 130 S. Ct. at 2564; see also United States
26  v. Avila, 504 Fed. Appx. 605, 606 (9th Cir. 2013) (holding that counsel's miscalculation of
27  AEDPA limitations period was not so egregious as to constitute an "extraordinary
28  circumstance"); United States v. Aguirre-Ganceda, 592 F.3d 1043, 1046 (9th Cir. 2010)

- 4 -

1  (same).

2  In this case, Petitioner's ineffective assistance of counsel claim is based on his
3  lawyer's advice that Petitioner could not assert an asylum claim in his criminal proceeding.
4  This degree of "misconduct" does not rise to the level of "egregious behavior" that
5  constitutes an extraordinary circumstance that warrants equitable tolling.  See Holland, 560
6  U.S. at 650, 130 S. Ct. at 2563.  Instead, Petitioner's lawyer's advice concerning asylum
7  claims is akin to a lawyer's miscalculation of an AEDPA filing deadline, which does not
8  amount to extraordinary circumstances.  560 U.S. at 650, 130 S. Ct. at 2563.

**C.**

10  Appellant did not file his § 2255 motion within one year of the date of his conviction.
11  28 U.S.C. § 2255(f)(1).  Nor did he learn of any new facts that he could not have discovered
12  through the exercise of due diligence.  Id. § 2255(f)(4).  He merely learned of the legal
13  significance of the facts that existed at the time of his conviction.  See Hasan, 254 F.3d at
14  1154 n.3.  Moreover, Petitioner cannot show that his lawyer's misconduct constituted
15  extraordinary circumstances that prevented the timely filing of his § 2255 motion.  Therefore,
16  Petitioner is not entitled to statutory or equitable tolling.

**III.**

18  Even if we were to reach Petitioner's ineffective assistance of counsel claim, the claim
19  would fail.  Petitioner cannot show that "(1) counsel's representation fell below an objective
20  standard of reasonableness," or that (2) "but for counsel's unprofessional errors," there is a
21  reasonable probability that the result of the proceeding would have been different.  Padilla
22  v. Kentucky, 559 U.S. 356, 366, 130 S. Ct. 1473, 1482 (2010) (quoting Strickland v.
23  Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068 (1984)).

24  Petitioner does not show that counsel's performance fell below the range of
25  competence demanded of attorneys in criminal cases.  Petitioner's trial counsel instructed
26  him that he could not assert a claim of asylum in a criminal proceeding.  "A criminal trial for
27  the felony of illegal reentry after deportation, however, is not the proper forum to argue a
28  case for political asylum."  United States v. Polanco-Gomez, 841 F.2d 235, 238 (8th Cir.

- 5 -

1988).  Moreover, at the time of his illegal re-entry, there was no finding by the Attorney General that Petitioner was eligible for refugee status.  Only the Secretary of Homeland Security or the Attorney General has authority to grant asylum pursuant to the requirements and procedures established by the Secretary.  8 U.S.C. § 1158(b)(1)(A).  A district judge cannot make such a determination.  Moreover, Petitioner did not petition for asylum at any time before his arrest.  Nor did he present a duress defense to his § 1326 charge.

Finally, Petitioner cannot show that he was prejudiced by his lawyer's advice. Petitioner places great weight on a finding by an asylum officer's recommendation to an immigration judge that Petitioner may qualify for refugee status.  But Petitioner fails to mention that subsequently an immigration judge denied his request for asylum, and the Board of Immigration Appeals affirmed that decision.  Petitioner cannot show that, but for counsel's unprofessional errors, the result of his criminal proceeding would have been different.

**IV.**

**IT IS ORDERED DENYING** Petitioner's Motion to Vacate, Set Aside or Correct Sentence (doc. 1 (12-CR-0596 (doc. 34)), and **DENYING** Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence (doc. 6).

**IT IS FURTHER ORDERED DENYING** the motion for clarification (doc. 7) and **DENYING** the motion to strike (doc. 9).

**IT IS FURTHER ORDERED DENYING** a certificate of appealability and leave to proceed *in forma pauperis* on appeal because dismissal of the habeas petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

The clerk shall enter final judgment.

DATED this 15th day of September, 2014.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge

- 6 -